**GIBEAUT, MAHAN & BRISCOE**
GARY ROBERT GIBEAUT, ESQ. (State Bar No.: 70951)
NANCY MAHAN-LAMB, ESQ. (State Bar No.: 117997)
HANS A. GILLINGER, ESQ. (State Bar No.: 243973)
6701 Center Drive West, Suite 611
Los Angeles, California 90045
Telephone: (310) 410-2020 ♦ Fax: (310) 410-2010

Attorneys for Defendant/Third-Party Plaintiff
LONG BEACH UNIFIED SCHOOL DISTRICT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.C., <br><br> Plaintiff, <br><br> vs. <br><br> LONG BEACH UNIFIED SCHOOL DISTRICT, and DOES 1-10, <br><br> Defendants. | **Case No.: 2:10-cv-00349-SJO-E** <br><br> *Assigned to: Judge S. James Otero Courtroom 1* <br><br> **STIPULATED PROTECTIVE ORDER** |
| LONG BEACH UNIFIED SCHOOL DISTRICT, <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> M.A.T.T.I.E ACADEMY CHARTER SCHOOL (MULTICULTURAL ACHIEVEMENT TECHNOLOGY TEACHING & INNOVATIVE EXPERIENCES), a California Non-Profit Public Benefit Corporation; DENICE C. PRICE, individually and in her official capacity as Chief Executive Officer of the MATTIE Academy Charter School; GARON HARDEN SR., Ph.D, individually | |

-1-
STIPULATED PROTECTIVE ORDER

1  and in his official capacity as member of the Governing Board of the MATTIE Academy Charter School; MARLON THOMPSON, individually and in his official capacity as President and member of the Governing Board of the MATTIE Academy Charter School; PATRICIA PHILLIPS, individually and in her official capacity as Vice President and member of the Governing Board of the MATTIE Academy Charter School; NAOMI FERNS, individually and in her official capacity as member of the Governing Board of the MATTIE Academy Charter School; SU FREELAND, individually and in his official capacity as member of the Governing Board of the MATTIE Academy Charter School; VIRWANDA COLE, individually and in her official capacity as member of the Governing Board of the MATTIE Academy Charter School; JOHN MALVEAUX, individually and in his official capacity as member of the Governing Board of the MATTIE Academy Charter School; MARCUS HERRING, individually and in his official capacity as member of the Governing Board of the MATTIE Academy Charter School; EDWARD GILLIAM, individually and in his official capacity as member of the Governing Board of the MATTIE Academy Charter School; PATRICIA RUSH, individually and in her official capacity as member of the Governing Board of the MATTIE Academy Charter School; STEVE HOROWITZ, individually and in his official capacity as member of the Governing Board of the MATTIE Academy Charter School; GREGORY JOHNSON, individually and in his official capacity as member of the Governing Board of the MATTIE Academy

-2-
STIPULATED PROTECTIVE ORDER

1 | Charter School; and ROES 1-10, inclusive,
2
3 | Third-Party Defendants.
4

5  TO ALL INTERESTED PARTIES AND TO THEIR RESPECTIVE COUNSEL
6  OF RECORD:

7  Pursuant to the Stipulation of the parties and for good cause shown, IT IS
8  HEREBY ORDERED:

9  **1.  GOOD CAUSE.**

10  This matter involves allegations related to the education of Plaintiff, H.C. and
11  Defendants, LONG BEACH UNIFIED SCHOOL DISTRICT'S ("LBUSD") obligations
12  to Plaintiff upon the closing of his school of attendance, MATTIE Charter Academy
13  ("MATTIE"). Discovery will include disclosure of private information regarding the
14  health, disabilities, special needs and education of Plaintiff and other students (some of
15  whom are minors) who are not a party to this action. Said information is essential to
16  this litigation and is private and protected from disclosure by both the United States and
17  California Constitutions, FERPA, HIPPA, and provisions of the California *Education*
18  *Code*. Based thereon, good cause exists as required by Rule 26(c) of the Federal Rules
19  of Civil Procedure for the issuance of this Stipulated Protective Order.

20  **2.  SCOPE.**

21  This stipulated protective order shall govern the use and handling of all
22  documents, testimony, responses to discovery and other information, in whatever form
23  produced or given by any party or third party in this action, which refer to or "identify"
24  as that term is defined herein, Plaintiff and/or any other former student of MATTIE
25  ACADEMY CHARTER SCHOOL or Long Beach Unified School District "LBUSD."

26  **3.  DEFINITION OF DOCUMENTS.**

27  The term "documents" shall mean all written, recorded or graphic matter
28  whatsoever, and all copies (identical or non-identical) thereof including, without

-3-
STIPULATED PROTECTIVE ORDER

limitation, pleadings, motions, briefs, responses to discovery, Rule 26 Productions, transcripts of testimony, and all records or information compilations made or maintained by electronic, photographic or mechanical means, expressly including computer software and data, and any other matter contemplated by Rule 26 of the *Federal Rules of Civil Procedure*.

**4.   DEFINITION OF "IDENTIFYING" INFORMATION.**

The term "identifying information" shall mean: (a) any information that has been treated as confidential by the designating party and not disclosed to the general public; (b) education, health, special education, or other records in any way related to Plaintiff or other student minor that is protected from disclosure by the provisions of the California *Education Code*, the United States and California Constitutions or FERPA, HIPPA and provisions of the California Welfare & Institutions Code and State Federal Rules of Court.

**5.   DISCLOSURE OR PRODUCTION OF NON-PARTY PROTECTED DOCUMENTS.**

Protected documents produced during the discovery process, by any party in this action relating to or referring to any non-party student of MATTIE or LBUSD will be redacted as follows:

   i.   First and last initials of names only;
   ii.  No identifying address/residence or telephone numbers;
   iii. No identifying disability.

**6.   NONDISCLOSURE OF DOCUMENTS AND INFORMATION.**

Protected documents produced in discovery in this case and any compilations thereof may only be used by a non-producing party for the purpose of prosecuting or defending the action. Protected documents/information produced in discovery and any compilations thereof shall not be directly or indirectly disclosed by a non-producing party to anyone except as reasonably necessary to prosecute or defend the action as specified in paragraph 7 herein.

7. **NONDISCLOSURE OF PROTECTED DOCUMENTS AND INFORMATION.**

Except as provided below, no protected document or protected information may be disclosed by a non-producing party to any person.

8. **PERMISSIBLE DISCLOSURES OF PROTECTED DOCUMENTS/INFORMATION.**

Protected documents and protected information contained in such documents may be disclosed to:

Counsel of record for the parties and the staff for such counsel to the extent reasonably necessary to render professional services in the litigation including:

(i) Court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court);

(ii) Named defendants;

(iii) Witnesses, including nonparty witnesses, in preparation for, and in the course of, depositions or interviews, or at trial if, in the reasonable good faith opinion of counsel, examination with respect to such information s necessary for legitimate discovery or trial purposes;

(iv) Outside consultants or experts retained for the purpose of assisting in the litigation;

(v) Third-party contractors and their employees to the extent involved solely in data management or designing programs for data management in connection with this action;

(vi) Officers and directors of the parties; and

(vii) Any person designated by the court in the interest of justice, upon such terms as the court may deem proper.

/ / /

/ / /

### 9. AGREEMENT TO BE BOUND BY ORDER.

Disclosure of protected documents or protected information to any person identified in paragraph 8 hereinabove, may only be made if that person has agreed in advance to be bound by the applicable terms of this order and has manifested that agreement by signing the document which in form is attached to this order as Exhibit A and incorporated herein by reference. Counsel for the party disclosing the material shall retain the signed forms and make them available to opposing counsel and/or the court as circumstances require.

### 10. DECLASSIFICATION.

Any party wishing to challenge the designation of protected documents or protected information shall provide the designating party with written notification which shall clearly specify each such document or item of information and the specific reasons for the challenge to its designation. Thereafter, the parties shall make a good faith effort to resolve any dispute they may have as to the propriety of the designation. No motion may be brought seeking de-designation of protected documents or information until at least fifteen days after such notice has been received by the designating party. If such a motion is brought, the designating party shall have the burden of establishing that the designated material is entitled to protection under the law.

### 11. PROTECTED INFORMATION IN DEPOSITIONS.

Protected documents and information can be used by the parties in depositions.

### 12. FILING PROTECTED INFORMATION WITH THE COURT.

If a party intends to provide protected information of another party to the Court, that party shall redact all protected information, identifying each individual by initials only.

### 13. WRITTEN OR ORAL REQUEST, SUBPOENA OR COURT ORDER.

In the event any person in possession of another party's protected documents or protected information receives a written or oral request, subpoena or court order seeking disclosure of such material, she/he shall immediately notify counsel for the designating

1 | party, provide a copy of the request and refrain from disclosing the material until the
2 | designating party has had a reasonable opportunity to obtain appropriate relief.

### 14. CLIENT CONSULTATION.

Nothing in the Stipulated Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of confidential documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of paragraphs 5 and 8 herein.

### 15. SURVIVAL.

The provisions of the Stipulated Protective Order shall not terminate at the conclusion of this litigation. Within 120 days after final conclusion of all aspects of this litigation, all documents and all copies of documents (other than exhibits of record) produced in this litigation shall be returned to the party or person that produced such documents or, at the option of the producer (if it retains at least one copy of the same), destroyed. All counsel of record shall make certain of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 150 days after final termination of this litigation.

### 16. MODIFICATION PERMITTED.

Nothing herein shall prevent any party or other person from seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.

### 17. RESPONSIBILITY OF ATTORNEYS.

The attorneys of record are responsible for employing reasonable measures, consistent herewith, to control duplication of, access to and distribution of copies of protected documents. Non-producing parties shall not duplicate any protected document except working copies and for filing in Court.

///
///

Case 2:10-cv-00349-SJO-E   Document 40   Filed 06/29/10   Page 8 of 10   Page ID #:363
Case 2:10-cv-00349-SJO -E   Document 39   Filed 06/29/10   Page 8 of 10
JUN-23-2010  13:20    Adams & Associates           714 698 0243        P.010/011
06/23/2010 13:25   3104102010         GIBEAUT MAHAN BRISCE        PAGE 10/11

18. **NO WAIVER.**

Review of the protected documents or protected information by counsel, experts or consultants for the litigants in this litigation shall not waive the privacy of the documents or objections to production. The inadvertent, unintentional or *in camera* disclosure of protected documents or protected information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of protection.

The failure of the producing party to redact a protected document shall not constitute a waiver of a claim of protection and shall not estop the producing party from subsequently identifying the document as a protected document.

Nothing contained herein shall be deemed a waiver of any party's right to use its own documents with complete discretion.

Nothing contained herein and no action taken pursuant hereto shall prejudice the right of any party to: (a) contest the alleged relevancy, admissibility or discoverability of the protected documents or protected information sought; (b) object to any discovery requests on any grounds; or (c) seek an order compelling discovery with respect to any discovery request.

DATED: June 23, 2010

ADAMS & ASSOCIATES

By _____
Timothy A. Adams, Esq.
Attorneys for Plaintiff, H.C.

DATED: June 23, 2010

GIBEAUT, MAHAN & BRISCOE

By _____
NANCY MAHAN-LAMB
HANS ALBERT GILLINGER
Attorneys for DEFENDANT/THIRD-PARTY PLAINTIFF, LONG BEACH UNIFIED SCHOOL DISTRICT

-8-
STIPULATED PROTECTIVE ORDER

**STIPULATED PROTECTIVE ORDER**

**EXHIBIT "A"**

I, _____, having reviewed and considered the provisions set forth in the attached "Stipulated Protective Order," and each of them, hereby agree to be bound by those provisions in their entirety.

DATED: _____          _____
                                                                      Signature

-9-
STIPULATED PROTECTIVE ORDER

**ORDER**

It is so Ordered.

Dated: 6/29/10

~~S. JAMES OTERO~~ Charles F. Eick
UNITED STATES ~~DISTRICT COURT JUDGE~~
Magistrate Judge

-10-
STIPULATED PROTECTIVE ORDER